The opinion of the Court was delivered by
Gloveu, J.
The evidence in these cases showed a possession of Hannah, and perhaps of Gilbert, by Mason L. Mosely, commencing in 1843, and, after his death, both Hannah and Gilbert continued in the possessioffof his widow ’til her intermarriage with John A. Snelling in Sept. 1850.
Relying on this state of facts, the appellant insists that an intention to give by William Fortune to his step-daughter, Elizabeth Mosely, will be inferred. Since the case of Johnston vs. *283 Dilliard, in 1792, (1 Bay, 232,) it has not been controverted, that -where a parent permits slaves to go and remain with a married child, for several years, a gift will be presumed, although there was no deed in writing nor formal delivery. If William Fortune and Elizabeth Mosely stood in the relation of parent and child when Hannah and Gilbert went into the possession of the latter, then will an intention to give be presumed. The presumption of a gift, under such circumstances, arises from the relation of the parties which prompts a parent to support his offspring and provide, in part, for their settlement in life; but will it be said that these natural impulses, which prompt to the discharge of parental duty and on which the legal presumption depends, also influence the conduct of persons who are aliens in blood 1 Such a conclusion would extend the rule much farther than the reason, on which the cases have been placed, will warrant. The law recognizes and enforces the obligation which nature imposes on a parent to support his child; but will not enlarge or increase burdens and duties which neither nature nor the law enjoins. The possession of slaves by a step-child will not, therefore, authorize the conclusion of a gift. •
Nor will the presumption of title to personal property be inferred from the possession of four years, unless it be adverse and unexplained. It is not pretended that Mason L. Mosely’s possession was extended beyond two years, and the adverse possession of Elizabeth Mosely, during her widowhood, is rebutted by her own admissions, which show conclusively that it was entirely permissive, and that she always recognized the right of Wm. Fortune to these slaves. The appellant’s objection to the introduction of his wife’s declarations, is without the support of reason or authority. They were made during her widowhood, whilst she was sui juris, and against her interest; yet it is on his wife’s possession alone, whilst sole, that he can rest his right to recover: a possession which she has admitted was qualified before any treaty of marriage between them. The.case of Waring vs. Warren (1 Johns. R. 340) is directly in point, and sustains the decision of the Circuit Judge, admitting Mrs. Mosely’s declara *284 tions. The defendant claimed the goods by his marriage ■with N. In trover for these goods, the plaintiff was allowed to prove, that before her marriage N. admitted that the goods belonged to him, the plaintiff.
By virtue of his marriage, the appellant claims to be considered a purchaser for valuable consideration without notice. Marriage is regarded as a valuable consideration, and on it rests the husband’s common law right to all his wife’s personal chattels reduced into his possession at or during his marriage. If the wife, therefore, on the eve of marriage convey her property, even with the intention of making a reasonable provision for the children of a former marriage, such conveyance has been set aside as a fraud on the marital rights. It does not follow, however, .that the husband is a purchaser by virtue of his marriage. “He takes by operation of law in consideration of what he has done in marrying.” Doe 8f Richards vs. Lewis (5 Eng. Law and Eq. Rep. 400.) Under the statute 27Eliz., he is not considered a purchaser so as to avoid a previous deed. If it be conceded, that the husband is a purchaser of his wife’s personal chattels for valuable consideration, it does not follow that he will be so regarded in respect to the personal chattels of others which, accidentally or by virtue of a loan or hire, may be found in her possession at or before marriage; unless the husband can avail himself of a principle of law sometimes asserted by landlords, which makes property found casually on the premises distrainable for rent due, whether it belong to the tenant or not. Availing herself of such a principle, the wife would be enabled, by hiring slaves, whilst sole, to secure a valuable personal property for her intended husband at a cheap rate; but it would be by the practice of a fraudulent device against the rights of others, which the law will not permit. A valid title to these slaves was in W. W. Willis, as trustee, long before any treaty of marriage— the appellant’s wife always disclaiming title in herself. A husband cannot, by virtue of his marriage, be considered a purchaser for valuable consideration against a legal title, admitted to be valid by his wife before marriage. That he was deceived by *285 an apparent fortune, which the possession by his intended wife authorized him to conclude was unfettered, cannot sustain the claim which he now sets up against the rightful owner.
The appellant's ignorance of debts due by his wife before marriage, beyond her fortune, and which he may be compelled to discharge during the coverture, would furnish no good reason for relief from their payment on the ground that he had no notice of them. Nor could he allege fraud on his marital rights, against a merchant’s account, exceeding his wife’s fortune, for articles purchased before marriage to adorn her person, by which his heart was won, but his expectations disappointed.
Yet the claim which he urges as a purchaser for valuable consideration, is in no respect better supported by reason or authority.
His interest as well as duty should have prompted him to inquire into the validity of the title by which Elizabeth Mosely held the property in her possession, especially if the contract of marriage was made in reference to her estate.
The Court perceives no error in the charge of the Circuit Judge, nor any reason to be dissatisfied with the conclusion of the jury. The motion for a new trial is, therefore, dismissed in each case.
Wardlaw, FROST, Withers and Whitner, JJ., concurred.
O’Neall, J., absent.

Motions dismissed.